JESSIE C. BARLOW, PLAINTIFF, v. HARRY H. SELFRIDGE, DEFENDANT.

Decided November 19, 1926.

**Husband and Wife—Alienation of Wife's Affections—Defendant Pleaded Res Adjudicata, Alleging That Wife Had Obtained a Divorce on Ground of Desertion in a Suit in Which Plaintiff Had a Cross-Petition Charging Adultery With Defendant —Held, That if Separation Had Been Caused by the Wrongful Conduct of Defendant, He Must Respond in Damages Even Though the Decree in Chancery Had Found the Plaintiff Guilty of Desertion—In Present Case it Appears That For a Long Period of Years Plaintiff and Wife Were Not Living in Harmony, That She Had Caused His Arrest, That She Had Brought a Separation Suit in New York, and That For Two Years, From 1917 to 1919, Plaintiff Did Not Live With, Nor Support, Wife—Held, Verdict For Plaintiff was Against Clear Weight of Evidence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Cecil H. McMahon* (*Harry Lane,* of counsel).

*Contra, Thomas H. Brown.*

PER CURIAM.

The plaintiff obtained a verdict against the defendant in the Hudson Circuit for $5,000. The plaintiff's complaint contains two counts, the first is for alienation of his wife's affections and the second for criminal conversation. At the trial there was a nonsuit directed on the second count, and the cause was submitted to the jury on the first count. The first count, after reciting that the plaintiff and his wife lived happily together until about the year 1920, alleges that the defendant, Selfridge, "contriving and maliciously intending to aggrieve and injure the plaintiff and to deprive him of the comfort, company and assistance of his said wife, and to

alienate and destroy her affection for him, did on divers dates and places wrongfully, injuriously, maliciously and with intent, as aforesaid, entice, instigate, persuade, did and procure the said Lillian Barlow, wife of the plaintiff, unlawfully and against the will of the plaintiff, to desert him and depart, absent and separate herself from him, and to continue so absent, separate and apart from him against his consent," and that "by means of which malicious enticement, instigation, procurement, aid and action of the defendant, the said Lillian Barlow, wife of the plaintiff, afterwards, against the plaintiff's consent and secretly him, her said husband, the plaintiff, and has continued absent and separate from him."

To this count the defendant, in an amended answer, pleaded *res adjudicata,* in that on October 2d, 1924, the plaintiff's wife, Lillian Barlow, filed her petition for divorce against the plaintiff, charging him with desertion of her on July 3d, 1920, and that "ever since which time and for more than two years last past" he "has willfully, continually and obstinately deserted" her. To his wife's petition the defendant filed an answer denying the allegation of desertion on his part alleged therein, and by way of cross-petition exhibited against his wife, charged her with having committed adultery with the defendant at 42 N. Grove street, East Orange, New Jersey, and divers other places within New Jersey, and prayed for a dissolution of the marriage, &c. On December 27th, 1924, the plaintiff's wife filed a reply denying the allegation set forth in the plaintiff's cross-petition. The defendant intervened in this suit, on January 5th, 1925, and in his answer, to the plaintiff's cross-petition filed in the divorce suit, denied the allegation therein that he, the defendant, had committed adultery at any time with the plaintiff's wife. The issues of desertion and adultery raised by the pleadings came on for trial before Vice-Chancellor Fielder, and after a hearing he granted the plaintiff's wife her petition for divorce upon the ground of willful, continued, obstinate desertion on part of the plaintiff, and dismissed the plaintiff's cross-petition charging his wife with adultery with the defendant.

There were motions for a nonsuit and for a directed verdict on behalf of the defendant. These motions were denied, and we think properly so.

It is argued on behalf of the defendant that the decree of the Court of Chancery on the question of desertion was *res adjudicata.* Undoubtedly, this would be so if the litigation was one between the parties to that suit. The defendant was not made a party to the wife's petition for divorce on the ground of desertion, and, of course, could not be made such. He was, however, an intervening party to the plaintiff's cross-petition which charged the plaintiff's wife with having committed adultery with the defendant, and on this issue the decree of the Court of Chancery is *res adjudicata.* But this did not preclude the plaintiff from showing that the defendant instigated the separation of the former's wife through the machinations of the defendant. We think, with the trial judge, that if the separation of the husband and wife was caused by the wrongful conduct of the defendant—that is, to bring about the result which followed, namely, the separation of husband and wife, then, the defendant must respond in damages to the husband, even though the decree in the Court of Chancery found the husband guilty of willful, continued and obstinate desertion. There is no inconsistency in this view, for it is not inconceivable that a wife might be induced to act in such a way as to cause her husband to leave her, though, in law, it would not be a sufficient excuse for his doing so. It is readily to be observed that such circumstance, however, would have an important bearing on the measure of damages, the husband is entitled to recover for having the affections of his wife alienated from him. In the present case it appears that for a long period of years the plaintiff and his wife were not living in harmony with each other; that she had caused his arrest; that in 1912 she brought a suit for separation against him in the State of New York, and that for a period of two years, from 1917 to 1919, the plaintiff did not live with his wife nor did he contribute to her support, &c. Notwithstanding this proof, which was uncontroverted, the jury awarded the plain-

tiff $5,000 damages. In view of the evidence in the cause and the amount of damages awarded, the verdict appears to be against the clear weight of the evidence.

The rule to show cause is made absolute, and a new trial ordered.