BRUCE M. LARRABEE, PLAINTIFF, v. FRANK J. LYNCH, DEFENDANT.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Charles E. Cook.*

For the defendant, *Wilfred H. Jayne, Jr.*

The opinion of the court was delivered by

PARKER, J. This is a husband's suit for alienation of the wife's affections and criminal conversation. The jury re-

turned a general verdict of $16,000 in favor of the plaintiff. The rule to show cause reserved exceptions, but this reservation is waived and the exceptions are argued here.

We conclude that the rule must be made absolute for error in the charge.

Referring to the alienation count, the trial court charged that to render the defendant liable, he "must have been the procuring or contributing cause of the desertion;" he instructed the jury "to ascertain whether the defendant did anything to entice the wife of the plaintiff or alienate her affections. Now, if he did, then, as charged heretofore, the plaintiff would be entitled to recover" * * *. This is, in substance, repeated a little farther on.

We think the better authorities do not support so drastic a rule as that laid down, and which seems strong enough to impose liability if the acts of the defendant contributed, in however slight a degree, to the alienation. It is true that the language first quoted ("procuring or contributing cause") is found in 13 *R. C. L.* 1464; but we prefer the rule as stated in 30 *C. J.* 1124-5, that the acts of defendant must have been the controlling cause that destroyed the affections. This was the theory of recovery in *Mulock* v. *Ulizio,* 129 *Atl. Rep.* 204; 3 *N. J. Mis. R.* 631, and *Barlow* v. *Selfridge,* 135 *Atl. Rep.* 63; 4 *N. J. Mis. R.* 961; similarly, in *Davenport* v. *Holden,* 95 *N. J. L.* 197, 200, 201, where a motion to nonsuit was based on the claim that the evidence failed to show the separation was "caused by the acts of the defendant," and the discussion by the Court of Errors and Appeals is on that basis. In *Hunke* v. *Hunke,* 103 *N. J. L.* 645, the same court passed the question of "procuring and proximate cause," but on the authorities available we are of opinion that the charge in the case at bar put the rule too strongly, and to the prejudice of the defendant, as his activity in the matter of alienation was a matter of hot dispute at the trial.

As the verdict was general, this error vitiates the recovery, and a new trial is necessary. The rule will, accordingly, be made absolute.